GUTTILLA MURPHY ANDERSON
**Ryan W. Anderson** (Ariz. No. 020974)
5415 E. High St., Suite 200
Phoenix, Arizona 85054
Email: randerson@gamlaw.com
Phone: (480) 304-8300
Fax: (480) 304-8301

Attorneys for Eric M. Haley, the Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>James Chaffin,<br><br>Debtor. | Case No. 2:14-bk-04881-PS<br><br>Chapter 7<br><br>**MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT TO FED. R. BANKR. P. 9019 BETWEEN TRUSTEE AND DEBTOR** |

Eric M. Haley, Chapter 7 Trustee herein ("Trustee"), by and through Trustee's duly authorized and undersigned attorneys, Guttilla Murphy Anderson, hereby moves this Court for an order granting the Trustee's *Motion to Approve Settlement Agreement Pursuant to Fed. R. Bankr. P. 9019*, between the Trustee and James Chaffin ("Debtor") (collectively, the "Parties"). Trustee's motion is supported by the following facts and analysis:

### I.   FACTUAL BACKGROUND

1.   The Debtor filed a Voluntary Chapter 7 Petition on April 4, 2014 ("Petition Date").

2.   During the Trustee's investigation into the financial affairs of the Debtor, the Trustee discovered that the Debtor effectively abandoned two (2) insolvent dental practices. The Trustee has alleged that by doing so, the Debtor abandoned potential valuable intangible assets, including goodwill, customer lists and other potential assets of the insolvent dental

practices. Furthermore, the Trustee's investigation indicated that the insolvent dental practices appear to have been transferred by the Debtor to a third party without adequate consideration.

3. While the Debtor disputes that he has any interest in his former dental practices or that there is any monetary value to former dental practices, he acknowledges that he has taken few, if any, steps to preserve any of its value because there is significant secured debts against his two (2) insolvent former dental practices.

4. The Trustee and Debtor have now entered into a settlement agreement to settle all claims that the Trustee may have against the Debtor. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit "A" and is incorporated herein by this reference. Under the settlement, the Debtor shall pay the total amount of $15,000.00 to the Trustee. Upon execution of this Agreement, the Debtors shall deliver an initial payment of $5,000.00 to the Trustee. The Debtors shall pay the remaining balance by making consecutive monthly payments in the amount of $1,666.66 beginning on November 30, 2014 and ending on March 30, 2015. A final payment of $1,666.70 will be made by April 30, 2015.

5. The Trustee asserts that approval of the Settlement is in the best interest of the bankruptcy estate. Approval of the Settlement will allow the bankruptcy estate to receive the total amount of $15,000.00 for the benefit of the creditors of this estate and will further save the estate the cost, delay, uncertainty and inconvenience of litigation and further collection costs. Accordingly, Trustee submits that this Settlement is fair and reasonable and is in the best interest of the bankruptcy estate and all interested parties.

## II. ANALYSIS

6. The approval of a settlement agreement negotiated by a Trustee is governed by the standards set forth by the Ninth Circuit in *In re Woodson*, 839 F.2d 610 (9th Cir. 1988). In *Woodson*, the Court identified the following factors as being necessary to determine whether a settlement is in the estate's best interest:

a. The probability of success in the litigation;

b. The difficulties of collection;

c. The complexities of litigation and the expense, inconvenience and delay caused by such litigation; and

d. The interest of the creditors with reasonable deference to their reasonable views.

7. The Ninth Circuit in *Woodson* declares that the Bankruptcy Court has great latitude in approving compromise agreements. 839 F.2d at 620. In considering the proposed Settlement herein, the Court need not decide the questions of law or fact raised in the controversies sought to be settled or determine that the compromise is the best possible outcome. Rather, the Court need only canvass the issues to determine whether the proposed Settlement falls "below the lowest point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 693 (2nd Cir. 1972); *In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (Bankr. E.D.Pa. 1992) (holding that a bankruptcy court must consider these factors to see whether the settlement falls below the lowest point in the range of reasonableness). Accordingly, if the Court finds the compromise does not fall below the threshold of reasonableness, the compromise should be approved. *See In re Planned Protective Services, Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D.,Cal. 1991).

8. Consideration of the *Woodson* factors supports the Court's approval of the Settlement between the Parties. Specifically, the Trustee is reasonably confident that if it were necessary, the estate would be successful in litigation against the Debtor to establish the estate's legal position that the Debtor transferred, without adequate consideration, his interests in his former dental practices. However, the Trustee's investigation has determined that the value of the Debtors former dental practices is likely to be less than the secured debt against them, dramatically under cutting the size of potential monetary damages. Importantly, any effort to

litigate these issues against the Debtor would be a factually intensive and a time consuming endeavor which may require the expenditure of legal and other professional fees in excess of any amount that the Trustee may be awarded in a judgment. Finally, it is in the best interests of the creditors that the Trustee recovers $15,000.00 for the benefit of the unsecured creditors, rather than expend estate resources to litigate and collect against the Debtor who is insolvent.

**WHEREFORE**, Trustee respectfully requests an Order of this Court approving the Settlement set forth herein between the Trustee and James Chaffin utilizing a "negative notice" procedure in which interested parties and all creditors shall have a twenty-one (21) day period to file objections.

Dated this 10th day of November, 2014.

GUTTILLA MURPHY ANDERSON, P.C.

/s/ *Ryan W. Anderson*
Ryan W. Anderson
Attorneys for the Trustee

Copy of the foregoing MAILED
on November 10, 2014, to:

James Chaffin
19475 N. Grayhawk Drive, #1027
Scottsdale, AZ 85255
Debtor

Adam E. Hauf
The Law Office of Adam Hauf
Adobe Point Office Park
4225 W. Glendale Ave., Suite A104
Phoenix, AZ 85051
Counsel for the Debtor

Harold E. Campbell
Campbell & Coombs, PC
1811 S. Alma School Rd, Ste 225
Mesa, AZ 85210
Attorneys for Dan and Sue Downs

W. Scott Jenkins, Jr.
Alissa A. Brice
Ryley Carlock & Applewhite
One North Central Ave., Suite 1200
Phoenix, AZ 85004
Attorneys for Wells Fargo Bank

Office of the United States Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003-1706

/s/ *Joanellen Campanaro*

1937-001(196008)

# EXHIBIT "A"

# SETTLEMENT AGREEMENT

# SETTLEMENT AGREEMENT

This settlement agreement and mutual release of liability (the "Agreement") is made by and between Eric M. Haley, as Chapter 7 Trustee of the bankruptcy estate of In re: James Chaffin, Case No. 2:14-bk-04881-PS (the "Trustee") and James Chaffin. The parties hereto are sometimes individually referred to herein as a "Party" and collectively as the "Parties."

## RECITALS

1. On or about April 4, 2014 ("Petition Date") the Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code.

2. During the Trustee's investigation into the financial affairs of the Debtor, the Trustee has determined that the Debtor effectively abandoned two insolvent dental practices. The Trustee alleges that by doing so, the Debtor abandoned potential valuable intangible assets, including goodwill, customer lists and other potential assets of the dental practices. Furthermore, the Trustee alleges that insolvent dental practices have essentially been transferred by the Debtor to a third party without consideration.

3. After leaving the State of Arizona for a period of time, the Debtor has returned to Arizona and is working as an independent contractor in at least one of his former dental practices.

4. While the Debtor disputes that he has any interest in his former dental practices or that there is any monetary value to his former dental practices, he acknowledges that he has taken few, if any, steps to preserve any of its value because there is significant secured debts against his two insolvent former dental practices.

5. Whereas without admitting the truth or validity of any claim or defense, the Parties desire to settle all claims that the Trustee or the Estate may have.

## AGREEMENT

In consideration of the above Recitals and the mutual promises contained herein, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

A. **Payment of Settlement Funds.** The Debtor shall pay the total amount of $15,000.00 to the Trustee. ("Settlement Funds") Upon execution of this Agreement, the Debtors shall deliver an initial payment of $5,000.00 to the Trustee. The Debtors shall pay the remaining balance of the Settlement Funds by making consecutive monthly payments in the amount of $1,666.66 beginning on November 30, 2014 and ending on March 30, 2015. A final payment of $1,666.70 will be made on or before April 30, 2015. Each monthly payment to the Trustee shall be in the form of certified funds made payable to "Eric M. Haley, Chapter 7 Trustee for the Estate of In re: James Chaffin" Settlement Funds shall be mailed directly to the Trustee at Eric M. Haley, P.O. Box 13390, Scottsdale, AZ 85267.

B.   **Approval of Agreement.** This Agreement is conditioned on the approval of the Bankruptcy Court. If such approval is not obtained, this Agreement shall be considered null and void and the Trustee shall return the Settlement Funds to the Debtor.

C.   **Rule 9019 Motion.** Upon execution of this Agreement, Trustee shall file a motion for approval of this Agreement with the Bankruptcy Court pursuant to Bankruptcy Rule 9019, and shall provide appropriate notice of the same as required by the Bankruptcy Rules and local rules of bankruptcy procedure, and shall actively seek the Bankruptcy Court's approval of the same.

D.   **Mutual Releases.** The Trustee hereby, on his own behalf and on behalf of his attorneys, employees, partners, agents, predecessors, successors, assigns, assignors, and legal representatives, releases and forever discharges the Debtor and his attorneys, employees, agents, predecessors, successors, assigns, assignors, executors, administrators, and legal representatives from any and all claims arising out of or relating to the bankruptcy estate, except claims relating to enforcement of rights, duties or obligations under this Agreement and any Federal or State Tax Refunds that may be due to the Debtor. The Debtor hereby, on his own behalf and on behalf of his attorneys, employees, partners, agents, predecessors, successors, assigns, assignors, and legal representatives, releases and forever discharges the Trustee and Trustee's attorneys, employees, agents, predecessors, successors, assigns, assignors, executors, administrators, and legal representatives from any and all claims arising out of or relating to the bankruptcy estate, except claims relating to enforcement of rights, duties or obligations under this Agreement.

E.   **Attorneys' Fees.** Each Party hereto shall be responsible for the payment of its own costs, attorneys' fees and all other expenses incurred in connection with the Trustee's investigation and this Agreement. If any Party commences an action against the other Party to enforce or interpret any of the terms hereof, the losing or defaulting Party shall pay to the prevailing Party as determined by the court all costs and expenses, including reasonable attorneys' fees and disbursements, incurred in connection with the prosecution or defense of such action.

F.   **Further Assurances.** The Parties to this Agreement shall execute any further or additional instruments, and they shall perform any acts which may become necessary, in order to effectuate and carry out the purposes hereof.

G.   **Entire Agreement.** This Agreement contains the entire agreement and understanding among the Parties concerning the subject hereof and supersedes and replaces all prior negotiations, agreements and proposed agreements, written or oral, relating thereto. Each of the Parties hereto acknowledges that no other Party, nor any agent or attorney of any Party, has made any promise, representation, or warranty whatsoever, express or implied, not contained herein concerning the subject matter hereof, to induce it to execute this Agreement and acknowledges that this Agreement has not been executed in reliance on any promise, representation or warranty not contained herein. This Agreement shall not be amended, modified or supplemented at any time unless by a writing executed by the Parties hereto.

2

H. <u>Opportunity to Consult with Counsel</u>. The Parties acknowledge that they have had the opportunity to consult with and obtain the advice of counsel prior to entering this Agreement, and have entered this Agreement voluntarily and free from coercion, duress or undue influence.

I. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the state of Arizona applicable to contracts executed and intended to be performed entirely within the state of Arizona by residents of the state of Arizona. Any action at law, suit in equity or judicial proceeding for the enforcement or interpretation of this Agreement or any provision therefore shall be instituted only in the Bankruptcy Court.

J. <u>Counterparts</u>. This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

K. <u>Representation of Authority</u>. The signatories to this Agreement represent and warrant that they have full authority to execute this Agreement and to bind the Party on whose behalf they are signing to the provisions hereof.

L. <u>Severability</u>. Should any portion of this Agreement be ruled unenforceable or invalid, such ruling shall not affect the enforceability or validity of the remaining portions of this Agreement.

M. <u>Headings</u>. Article and section headings are inserted herein solely for convenience and the same shall not by themselves alter, modify, limit, expand or otherwise affect the meaning of any provision of this Agreement.

N. <u>Assignment and Binding Effect</u>. This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors and assigns; provided, however, that nothing herein shall relieve any Party of any obligation under this Agreement, except upon the express written consent of the other Party.

O. <u>Interpretation</u>. This Agreement shall be interpreted fairly in light of the intentions of the Parties as set forth in this Agreement. The Parties each hereby waive the benefit of any rule or law or statute requiring that ambiguities be interpreted against the Party preparing the Agreement or causing the ambiguity.

P. <u>No Admissions</u>. The execution of this Agreement is not to be construed as an admission of liability by either Party, or an acknowledgement by either Party that the other Party's claims have any basis, but is a compromise and settlement of disputed claims.

**[Signatures on the Following Page]**

3

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement as of the day and year written below.

Eric M. Haley, Chapter 7 Trustee for the Estate of In re: James Chaffin, Case No. 2:14-bk-04881-PS.

_____  Dated: 11/6/14
Eric M. Haley, Chapter 7 Trustee

_____  Dated: 10/31/14
James Chaffin, Debtor

1937-001 (193198)

4